JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE #: _____ | CASE NUMBER |
|---|---|
| Jesus Medina, | 2:25-cv-00657-AB-DTB |
| v.  PETITIONER | |
| Bureau of Immigration and Customs Enforcement, | ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (HABEAS) |
| RESPONDENT(S) | |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that Petitioner:

- [x] is not able to pay the filing fee.
- [ ] is able to pay the filing fee.
- [ ] has not submitted enough information for the Court to tell if Petitioner is able to pay the filing fee. This is what is missing:

**IT IS THEREFORE ORDERED** that:

- [ ] The Request is GRANTED.
- [ ] Ruling on the Request is POSTPONED for 30 days so that Petitioner may provide additional information.
- [ ] The Request is DENIED because Petitioner has the ability to pay.
- [x] As explained in the attached statement, the Request is DENIED because in screening the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court finds that it plainly appears that Petitioner is not entitled to relief in the district court.

**IT IS FURTHER ORDERED** that:

- [ ] Within 30 days of the date of this Order, Petitioner must do the following:

If Petitioner does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

- [x] As explained in the attached statement, because it plainly appears that Petitioner is not entitled to relief in the district court, this case is hereby DISMISSED: [x] WITHOUT PREJUDICE  [ ] WITH PREJUDICE.

**February 25, 2025**
Date

_[signature]_
United States District Judge

On November 25, 2024, Petitioner filed a Complaint and a Request to Proceed In Forma Pauperis with the United States District Court for the Western District of Louisiana. (Dkt. Nos. 1-2.) On December 18, 2024, Petitioner filed the operative pleading, a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241, along with another Request to Proceed In Forma Pauperis. (Dkt. Nos. 5-6.) On January 22, 2025, the action was transferred to this Court. (Dkt. No. 7.)

Petitioner is challenging "life deportation," apparently based on a criminal conviction he sustained in Shreveport, Louisiana. (Dkt. No. 5 at 1.) From the time he initiated this action to the present, Petitioner was not incarcerated or detained, but was living at a private address in Dana Point, California. (Dkt. No. 1 at 1; Dkt. No. 5 at 1.)

The Court has reviewed the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 is applicable to Section 2241 cases. Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023) (citing Rule 1(b)). Rule 4 states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Petition is dismissed under Rule 4 for the following reasons.

First, a habeas petition may be dismissed under Rule 4 if the petitioner is not "in custody" at the time the petition is filed. Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987). "The statute that authorizes federal courts to grant a writ of habeas corpus, 28 U.S.C. § 2241, in relevant part, gives courts jurisdiction only over habeas petitioners who are 'in custody.'" Veltmann-Barragan v. Holder, 717 F.3d 1086, 1087 (9th Cir. 2013). "For example, individuals are 'in custody' for purposes of § 2241 if they are 'subject to a final order of deportation.'" Id. at 1088 (9th Cir. 2013) (quoting Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir.1995)). Petitioner does not allege he is subject to a final order of deportation.

Second, even if it is assumed that Petitioner is subject to a final order of deportation, the Court still would lack habeas jurisdiction to review his claims. Under the REAL ID Act of 2005, district courts do not have "habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal." Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). Instead, "the sole and exclusive means for judicial review of an order of removal" lies with the appropriate Court of Appeals in a petition for review. 8 U.S.C. § 1252(a)(5). Although district courts do have habeas jurisdiction under 28 U.S.C. § 2241 to consider a habeas petitioner's challenge to immigration detention while he is subject to a final order of removal, see Zadvydas v. Davis, 533 U.S. 678, 688 (2001), it is clear that Petitioner is not being detained in immigration custody, but is living at a private address. Because it plainly appears that Petitioner is not entitled to habeas relief from a district court, the Petition is dismissed under Rule 4.

Finally, leave to amend is not warranted. The Court lacks habeas jurisdiction because Petitioner is not in custody or because he is challenging a removal order that must be brought before the Court of Appeals. Thus, "it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam). Thus, the Petition is dismissed without leave to amend, and the action is dismissed without prejudice.

*(attach additional pages if necessary)*